IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGE W. HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-172 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants Shepard, West, Young, McGrew, Giddens, and the Georgia Department of Corrections move to stay discovery pending resolution of their partial motion for judgment on the pleadings filed December 20, 2017. The Court "has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id.

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling that would dismiss some of the claims or could restrict the scope of

discovery. Plaintiff does not contend he cannot respond to the motion for partial judgment on the pleadings without discovery. Indeed, Plaintiff has not only responded, but has offered amended pleadings which may result in additional Rule 12 motions.

It makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. Plaintiff contends, in the absence of discovery, he is unable to know whether additional providers should be named as Defendants or to know the capacity in which certain Defendants, who have not joined the partially dispositive motion, treated him. (Doc. no. 8, p. 2.) However, with discovery stayed, the deadline for amending the pleadings will also be stayed, allowing Plaintiff to address questions about new or non-moving Defendants once the pending *partial* motion for judgment on the pleadings has been resolved.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the partial motion for judgment on the pleadings. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Therefore, the Court **GRANTS** Defendants' motion, (doc. no. 5), and **STAYS** all discovery pending resolution of the partial motion for judgment on the pleadings. Within fourteen days of the presiding District Judge's ruling, the remaining parties shall confer and submit a Rule 26(f) report.

SO ORDERED this 12th day of January, 2018, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA