IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GEORGE W. HARDY,

    Plaintiff,

    v.

GEORGIA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

CV 117-172

**O R D E R**

Before the Court is Plaintiff's motion to amend his complaint. (Doc. 17.) Plaintiff's operative complaint alleges claims under both federal and state law seeking compensation for the amputation of his right leg above the knee after a missed diagnosis in the Augusta State Medical Prison. Plaintiff has filed a proposed Second Amended Complaint in response to a motion to dismiss filed by some of the defendants in this case. Plaintiff claims that the new complaint "alleges additional facts as well as revises specific portions of his pleadings." (Id.)

Upon due consideration, the Court **GRANTS** Plaintiff's motion to amend and **INSTRUCTS** the Clerk to **FILE** Plaintiff's proposed Second Amended Complaint. (Doc. 17). Plaintiff's proposed Second Amended Complaint **SHALL BE** the operative complaint in

this case. Accordingly, the Court **DENIES AS MOOT** "Defendants' Motion for Partial Judgment on the Pleadings" (doc. 4); "Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint" (doc. 11); "Partial Motion to Dismiss Plaintiff's Amended Complaint of Defendants Chatman, Burnside, Gore, and Fountain" (doc. 31); and "Motion to Dismiss Plaintiff's Amended Complaint of Defendant Shante Wells" (doc. 35). Finally, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to remand. (Doc. 10.)

The Court cautions Plaintiff, however, that he should not anticipate any additional opportunities to amend his complaint. As Defendants note in their brief opposing Plaintiff's motion to amend, the present lawsuit is Plaintiff's second lawsuit arising out of the same set of operative facts. (Doc. 26.) Plaintiff filed a complaint alleging the same causes of action against the same defendants in June 2017. See Hardy v. Georgia Dep't of Corr., No. 1:17-cv-67 (S.D. Ga. June 15, 2017). In that action Defendants filed a motion to dismiss and Plaintiff filed an amended complaint twenty-one days later. Plaintiff then voluntarily dismissed the case. Thus, Plaintiff's proposed Second Amended Complaint is in effect his Fifth Amended Complaint. The Court will therefore deny any future motions to amend absent a showing of good cause by Plaintiff. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) (noting that district courts may deny motions to amend "(1) where there

2

has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

**ORDER ENTERED** at Augusta, Georgia, this 20th day of August, 2018.

*/s/ J. Randal Hall*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA