IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGE W. HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-172 |
| | ) | |
| GEORGIA DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants Shepard, West, Young, McGrew, Giddens, Fountain, Burnside, Gore, Chatman, Wells, the Georgia Department of Corrections, and the Board of Regents of the University System of Georgia move to stay discovery pending resolution of their Partial Motion to Dismiss Plaintiff's Second Amended Complaint filed September 4, 2018. The Court "has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id.

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling that would dismiss some of the claims or could restrict the scope of discovery. Plaintiff contends, in the absence of discovery, he is unable to know whether additional providers should be named as Defendants or to know the capacity in which certain Defendants treated him. (Doc. no. 46, p. 2.) Plaintiff also claims there are questions of fact he must explore through discovery in order to establish the elements of his deliberate indifference claim. (Id.) However, as Chief Judge Hall previously explained, this "is Plaintiff's second lawsuit arising out of the same set of operative facts." (Doc. no. 41, p. 2.) The "Second Amended Complaint is in effect [Plaintiff's] Fifth Amended Complaint." (Id.) Given the lengthy history of the case in its various iterations, and based on the ability to file an eighteen page brief in opposition to the partial motion to dismiss, it makes little sense to forge ahead with full discovery in this context because of the substantial risk that much time and money could be wasted. Of course, once the partial motion to dismiss has been resolved, a full discovery period will be set to investigate all remaining claims.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the partial motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the

claim, imposes unnecessary costs. . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Therefore, the Court **GRANTS** Defendants' motion, (doc. no. 44), and **STAYS** all discovery pending resolution of the partial motion to dismiss. Within seven days of the presiding District Judge's ruling, the remaining parties shall confer and submit a Rule 26(f) Report.

SO ORDERED this 20th day of September, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA